IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| SETH T. DYRCZ<br>    Plaintiff, | §<br>§<br>§ | |
| v. | § | CIVIL ACTION NO. 2:05-CV-476 (TJW) |
| | § | |
| LONGVIEW ENTERPRISE, LTD.<br>    Defendant. | §<br>§<br>§<br>§<br>§ | |

## <u>MEMORANDUM ORDER</u>

Before the Court is Defendant's Renewed Motion for Judgment as Matter of Law (#69) and Plaintiff's Motion for Final Judgment (#66). The Court has carefully considered the parties' written submissions. The Court GRANTS the defendant's renewed motion for judgment as matter of law for the reasons set forth below, and DENIES the plaintiff's motion for final judgment as moot.

**I.   Factual Background**

On August 18, 2005, Plaintiff Seth Dyrcz was injured at Graham Central Station located in Longview, Gregg County, Texas. Plaintiff alleges that he was seriously injured when Greg Atnip, a manager and employee of Defendant Longview Enterprise, Ltd. ("Longview Enterprise"), struck Plaintiff in the knee as a game of dodge ball began. Prior to participating in the game, Plaintiff signed a "Release and Assumption of Risk" agreement which released "Graham Central Station Longview, its partners, agents and employees from any responsibility or liability for personal injury . . . whether or not arising from the negligence of the Graham Central Station Longview that . . . may [occur] from participating in the Dodge Ball contest . . . ." The parties have stipulated that, at the time of the incident, the management and staff of Graham Central Station were employed by Longview Enterprise. Plaintiff brought this suit against Defendant for the negligent actions of its

manager.

## II.   Discussion

Defendant contends that it is entitled to judgment as a matter of law because Plaintiff signed a release insulating Defendant from any liability for injury resulting from Plaintiff's participation in the dodge ball game. The release was signed in Texas and there is no dispute that Texas law governs the application of this release. The only contested issue, with respect to the release, is whether it actually released Defendant Longview Enterprise even though the release specifically identified Graham Central Station Longview as a party to the release.

In Texas, in order to claim the protection of a release, the claim being released must come within "the express contemplation of the release provision when viewed in context of the contract . . . ." *Stinnett v. Colorado Interstate Gas Co.*, 227 F.3d 247, 255 (5th Cir. 2000) (citations omitted). Furthermore, a tortfeasor can claim the protection of a release as long as he is referred to "with such descriptive particularity that his identity or his connection with the tortious event is not in doubt." *Duncan v. Cessna Aircraft Co.*, 665 S.W.2d 414, 420 (Tex. 1984). Therefore, a defendant may still avail himself of the protection of a release even though he has not been specifically identified as a party to the release. *Winkler v. Kirkwood Atrium Office Park*, 816 S.W.2d 111 (Tex.App.–Houston [14th Dist.] 1991, writ denied); *Michael Lee Andrews Trust v. Licari*, 2004 WL 524941, *2 (N.D. Tex. 2004).

In *Winkler*, John Winkler's widow sued various individuals and entities involved in the operation of a fitness center where Winkler suffered a fatal heart attack following an exercise workout. 816 S.W.2d at 112. Prior to joining the fitness center, Winkler signed a medical release which waived all claims against the fitness center, identified as "the Club." *Id*. at 113. Several of

the defendants claimed that they were covered by the medical release. *Id*. The plaintiffs argued that the defendants were not covered by the medical release because they were not specifically identified as parties to the release. *Id*. However, these defendants had participated in the design, planning, construction, staffing or supervision of the club. *Id*. at 114. The court ruled that, by releasing "the Club," Winkler intended to "release any claims against all individuals and entities involved in the operation, maintenance, and administration of the [fitness] center." *Id*. Therefore, the release precluded a suit against these defendants. *Id*. at 115.

Here, the claims against Defendant Longview Enterprise fit within the release signed by Plaintiff. There is no dispute that Plaintiff's claims resulted from participating in a dodge ball game at Graham Central Station.

Plaintiff argues, however, that the release does not cover Longview Enterprise because Graham Central Station, the named party in the release, is the registered assumed name for Longview Tex N.P., Inc. Therefore, the plaintiff contends that the release cannot cover Longview Enterprise and was never intended to cover Longview Enterprise. This argument relies on an improper construction of the language in the release agreement. Although the release does not specifically name Longview Enterprise, the release does cover "partners, agents and employees" of Graham Central Station. At the time of this incident, the acting management and staff of Graham Central Station were actually employed by Longview Enterprise, which is similar to the *Winkler* defendants' involvement with "the Club." Therefore, by releasing Graham Central Station, it is clear that Plaintiff intended to release any claim against all individuals and entities involved in the operations and activities of Graham Central Station, which would include Mr. Atnip and his employer, Longview Enterprise. As a result, the release precludes any claim by Plaintiff against Defendant

3

Longview Enterprise.

### III.  Conclusion

The release signed by Plaintiff bars his claims. Under *Winkler*, although it did not specifically name Longview Enterprise, the release was intended to cover those involved in the operation of Graham Central Station. At the time of this incident, Longview Enterprise was involved in that operation through its employee, Mr. Atnip. Accordingly, Defendant's Renewed Motion for Judgment as a Matter of Law is GRANTED and it is ordered that Plaintiff take nothing by way of his claims against the defendant. Plaintiff's Motion for Final Judgment is DENIED as moot.

SIGNED this 13th day of November, 2006.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE