IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| SETH T. DYRCZ | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:05-CV-476 (TJW) |
| | § | |
| LONGVIEW ENTERPRISE, LTD. | § | |
|     Defendant. | § | |
| | § | |
| | § | |

**MEMORANDUM ORDER**

    Before the Court is Plaintiff's Motion to Reconsider Judgment and/or for New Trial (#75). The Court has carefully considered the parties' written submissions and DENIES the motion.

**I.    Introduction**

    Prior to participating in a dodge ball game, Plaintiff signed a "Release and Assumption of Risk" agreement which released "Graham Central Station Longview, its partners, agents and employees from any responsibility or liability for personal injury . . . whether or not arising from the negligence of the Graham Central Station Longview that . . . may [occur] from participating in the Dodge Ball contest . . . ." The parties have stipulated that, at the time of the incident, the management and staff of Graham Central Station were employed by Longview Enterprise. The Court entered judgment as a matter of law for Defendant Longview Enterprise, Ltd. ("Longview Enterprise"). Plaintiff now brings this motion for reconsideration of judgment.

**II.    Discussion**

    **A.    Express Negligence Test**

    Plaintiff contends that the release is not valid because it does not meet the express negligence test. Plaintiff argues that the term "negligence" was not defined and the release did not expressly

mention comparative negligence, concurrent negligence, or gross negligence. However, the express negligence test does not require "negligence" to be defined nor does it require the release to differentiate between kinds or degrees of negligence as long as the intent of the parties is clear. *See Atlantic Ritchfield Co. v. Petroleum Personnel, Inc.*, 768 S.W. 2d 724, 725 (Tex. 1989). In *Atlantic Ritchfield*, the indemnity provision at issue in the case stated "[PPI] agrees to . . . indemnify . . . [ARCO] . . . in any matter arising from the work performed hereunder, including but no limited to *any negligent act or omission of [ARCO]*." *Id*. (emphasis in original). The court concluded that this language met the express negligence test and was sufficient to define the parties intent. *Id*.

Here, the language of the release clearly defined the parties' intent to release "Graham Central Station Longview, its partners, agents and employees" from any liability for their negligence in connection with the dodge ball game. Therefore, the release meets the express negligence test.

**B.    Release of Longview Enterprise**

Plaintiff also contends that Longview Enterprise was not released and that this case is distinguishable from the facts and holding in *Winkler v. Kirkwood Atrium Office Park*, 816 S.W.2d 111 (Tex.App.–Houston [14th Dist.] 1991, writ denied). Plaintiff bases its contention on the fact that this case involves an assumed name. Plaintiff's argument, however, is misplaced because the holding in *Winkler* focused on the parties' intent. *See id*. at 114. By releasing Graham Central Station Longview, it partners, agents and employees, Plaintiff intended to release any claim against all individuals and entities involved in the operations and activities of Graham Central Station, which would include Mr. Atnip and his employer, Longview Enterprise.

**III.     Conclusion**

The release meets the express negligence doctrine and intended to cover those involved in the operation of Graham Central Station. At the time of this incident, Longview Enterprise was involved in that operation through its employee, Mr. Atnip. Accordingly, Plaintiff's Motion to Reconsider Judgment and/or for New Trial is DENIED.

SIGNED this 7th day of December, 2006.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE